Appellant. Mr. Axsom for the Appellant. Mr. Nguyen for the Appellant. I didn't know. It's not good. Let's wait till the courtroom clears. Mr. Yancey for the Appellant. Mr. Nguyen for the Appellant. All right, Mr. Axsom, good morning. Good morning. May it please the Court, Counsel, Tony Axsom representing the Appellant, Patrick Yansane, and I'd like to reserve four minutes for rebuttal. The District Court abused its discretion by leaving intact a sentence that was greater than necessary when it denied Mr. Yansane's motion for sentence reduction. Given the importance of the guidelines in the defendant's original sentence and that the guidelines, these guidelines and the mandatory minimum to which they were pegged had subsequently been greatly reduced by amendments, the weighing of the 3553A factors in Mr. Yansane's 3582 proceedings led to a the case different basically from Jones? I should say by way of preface, looking at the statute, the obvious reading, not the obvious reading, the casual reading is that you should just have a downshift. Congress obviously didn't decide on that and we've rejected it. I understand that. I can't say that from a legal standpoint it's different from Jones, but if substantive unreasonableness review is to mean anything, it has to mean that this Court must assess whether the sentence is greater than necessary given the factors in the case. So to the extent this case is different from Jones, there are different offenses, there are different defendants, different nature and circumstances of the offense and background and characteristics of the defendants. It seems to me that the basic unity is that the judge completely resists, as the judge was entitled to do, the downshift proposition and then focuses on a relevant factor and there's no claim of disregarding any particular characteristic which should have been regarded. I appreciate that and I think the Court's making a distinction between procedural unreasonableness and substantive unreasonableness. If the District Court had ignored a factor, that would have been a procedural error and this Court would not have to reach the substantive unreasonableness question. Likewise, if the Court considered an impermissible factor, that would have been a procedural error. But when you're discussing substantive unreasonableness, there's not a lot of guidance as to what this Court should look to to decide whether a sentence was substantively unreasonable. Has there been any case since Booker where this Court found a sentence to be substantively unreasonable? There is not and again, without a lot of guidance, I think it's an individual assessment based on the individual facts and circumstances of the case and background and history of the defendant. In this case, the guidelines, if Mr. Yansane were sentenced today, he would be facing a guideline range of 78 to 97 months and would not be facing the mandatory minimum, so the Court would be allowed to impose a sentence of 78 to 97 months. Mr. Yansane is currently serving a sentence of 151 months with a mandatory minimum of 120 months. I understand that the Supreme Court has not given a lot of guidance as to what this Court should consider when it gets to that second question of substantive unreasonableness, but what I'm suggesting and what I think was suggested in Jones is that a starting point are the guidelines. A starting point is also a mandatory minimum that was in effect and whether weighing those things and the significance of those things at the original sentencing where they had predominance at the original sentencing and those factors have changed because of amendments, whether it is substantively reasonable in any individual case. I understand that it's still a high mountain to climb, but in any individual case, whether it is substantively unreasonable to leave the same sentence intact. We are submitting that the sentence intact is 151 months and the new range would be 78 to 97 months. It is substantively unreasonable to leave. I don't think your position can be, or maybe I misunderstood it, that all you have to do is look at the sentence of 151 months, look at the new range, and know that if you keep it at 151 months, it's necessarily substantively unreasonable. Would you dispute the proposition that, at least in some situations, a district judge faithfully applying the 3553A factors, even in light of a dramatic reduction in the sentencing range, could still come to the conclusion that the sentence that was originally imposed, although, let's say, double the middle of the new sentencing range, it's still substantively reasonable to leave the sentence at that level? We accept that reality. There is a certain amount of discretion that is left to district judges, but again, there's not a great deal of guidance as to how this court should determine whether something is substantively unreasonable. That, I take it, is why the majority of the court has taken the highly deferential view that it has, that all these sentences require consideration of a very large number of variables, which a judge tries to weigh, but they don't have any common denomination, so they can't really be weighed in any realistic sense. So there's not much point in three judges coming to a different conclusion. Well, and unfortunately, that is our complaint, because it makes substantive unreasonable review meaningless for a defendant. There are no guideposts. It's difficult for three judges to second-guess a district judge. Without a procedural error, substantive unreasonableness becomes meaningless for a defendant to ever have his sentence reduced. All right. Mr. Nguyen. Good morning. May it please the Court, Eric Nguyen for the United States. The district judge considered the 2014 changes to the sentencing guidelines, weighed the 3553A factors, and in light of the particular circumstances of this case, reasonably denied Appellant's second request for a reduction in his sentence all the way down to the mandatory minimum of 120 months. So let me ask you the opposite question, which is that you don't take the position that when the district judge does go through the 3553A factors and keeps the sentence in the same place, that it's necessarily not substantively unreasonable to do so. We agree, Your Honor. The judge would have to justify why he was imposing an above guidelines, above mandatory minimum sentence. Can you imagine a case where substantive unreasonableness could be found? Substantive unreasonableness. The Court has recognized that there could be cases where a sentence was so shockingly high or so shockingly low that judges couldn't, you know, a judge could not reasonably determine that that was a reasonable sentence. I don't think we have examples of that, and I think that's certainly not the case here. Here the district judge recognized that similarly situated defendants, anybody who was convicted of the same crime at the same time with the same criminal history, faced a mandatory minimum of 120 months. And then the Court articulated sound reasons why imposing a higher sentence made sense here. It wasn't just the large quantity of drugs that Appellant possessed. It wasn't just his long criminal history. It was also his egregious conduct when the judge released him pending sentencing. Judge Leon released Appellant despite the seriousness of his offense so that he could participate in an ongoing law enforcement investigation. And Appellant immediately abused that trust. He failed to show up for his next hearing in front of Judge Leon, who had to issue a bench warrant for his arrest. He didn't come in until he was arrested on the warrant six months later. And in the meantime, he was arrested in Maryland on another charge of possession with intent to distribute cocaine and failed to appear for his arraignment in that case. So given all those circumstances... But this was all taken into account in the initial sentencing, right? That was taken into account in the initial sentencing when Appellant received a sentence of 188 months. Under a set of different guidelines and different mandatory minimums. That's right. The mandatory minimums and the guidelines then changed for the first time. The range dropped from 151 to 188 down to 120 to 121, about a 30-month drop in the range. And Judge Leon then took a look at Appellant's sentence and said, I'm going to reduce your sentence by 37 months, approximately the same amount of time. Of course, there wasn't much change because of the mandatory minimum. And the guidelines ranged between Appellant's first request for a reduced sentence and his second request for a reduced sentence. The first time around, it was 120 to 121 months. The second time around, it was a straight 120 months. And the judge said, nothing has changed here. I still find that based on all the sentencing factors and what I found the first time around, Appellant still merits a sentence above the mandatory minimum. What's a judge supposed to do with the fact that the guidelines have shifted? So I understand that as a substantive reasonableness matter, a judge can take a second look at a sentence already imposed and say, I've looked at the considerations again. I've thought about what I did the first time. I'm really comfortable with what I did the first time, given the considerations I take into account. I don't see any reason to revisit that. But what's happened in the interim is that there's been a substantial downward shift in the guidelines range. I think when a defendant files a 3582C motion and there has been a downward shift in the guidelines, the judge has to consider that shift in determining whether the sentence that he leaves in place or chooses to impose is reasonable. And the judge did that here. The judge said, I understand that the guidelines range has shifted down. Because of the mandatory minimum, there's been almost no actual change in the guidelines for this particular defendant and said, because there hasn't been any change in that guidelines range, I don't need to come up with a new reason to justify the same sentence I determined the last time around. And, of course, when there was a bigger shift in the guidelines range, from the initial sentencing to appellant's first request, the judge looked at that shift and said, I'm going to give a corresponding reduction in the sentence. Your Honors, I think it's important to recognize how narrow appellant's challenge is here. There's no challenge to the procedural aspects of the sentencing. Appellant agrees that Jones controls, that he's subject to the mandatory minimum of 120 months, and he hasn't identified any particular circumstances of his case that make the sentence that he received substantively unreasonable. So if the Court has no further questions. All right. Thank you. District Court's order should be affirmed. How much time does Mr. Axon have? I would only add that the standard for substantively reasonableness is not for this Court to figure out whether a sentence is so shockingly high or so shockingly low. It's an abuse of discretion. And abuse of discretion is a weighing of the factors. I understand that that is not, especially in the sentencing context, it's not the traditional role for this Court to look at the factors and decide what sentence should have been given. We are not asking the Court to do that. We're asking the Court to decide the more narrow issue of whether this sentence was greater than necessary and therefore substantively unreasonable. We submit that it was. Given the dramatic change both in the guidelines but in the mandatory minimum, which were significant factors at the original sentencing and even at the first sentence reduction hearing where the judge reduced but didn't want to go below the mandatory minimum, that does still apply because mandatory minimums were not retroactively reduced. But, again, if Mr. Yansani were sentenced today, he would face a mandatory minimum of 5 years, not 10 years. And his guidelines would be 78 to 97. And this sentence of 151 months is simply unreasonable. Thank you.
judges: Henderson, Srinivasan, Williams